DECISION AND JUDGMENT ENTRY
This is an appeal of an order of the Washington County Court of Common Pleas sentencing the appellant, John Haugh, to consecutive prison terms on one count of Theft under R.C. 2913.02 and one count of Failure to Comply with an Order or Signal of a Police Officer under R.C. 2921.331(B) (C)(1)(2)(3).
On October 5, 1997, Lindsey Stewart borrowed a Pontiac Grand Am from her mother, Debra Schell, and drove to Caldwell, Ohio, where she spent the night with a friend.
She awoke around 7 a.m. the next morning and was preparing to leave when she looked outside and observed someone driving off with the vehicle. Ms. Stewart notified the local sheriff's office as well as the State Highway Patrol and, a short time later, Trooper Al Palmer spotted the Grand Am on State Route 821. Trooper Palmer turned on his lights and signaled for the car to pull over. The vehicle accelerated instead and led the patrolman on a high speed chase along Route 821 to State Route 60.
 At one point, Trooper Palmer pulled up along side the vehicle, but it then swerved and forced him off the road. The car later stopped at a roadblock and the occupants abandoned it. Officers found one of the passengers, John Rollins, a short time thereafter and he identified appellant as the person driving the Grand Am. Appellant escaped from the scene and eventually made his way to New Mexico. He was later returned to Ohio to face charges.
 On December 10, 1997, the Washington County Grand Jury returned an indictment charging appellant with failing to comply with an order of a police officer in violation of R.C. 2921.331(B), felonious assault in violation of R.C. 2903.11(A)(2) and theft in violation of R.C. 2913.02. He initially pled not guilty to these offenses, but later entered guilty pleas to charges of failing to comply with an order of a police officer and theft of the Grand Am in exchange for dismissal of the remaining charge against him. The pleas were accepted and the matter was continued for a pre-sentence investigation. The court conducted a hearing and imposed eighteen (18) month prison sentences on each count and ordered that they be served consecutively.
 Appellant appealed this sentence in State v. Haugh
(Jan. 24, 2000), Washington App. No. 99CA28, unreported, (Haugh I) challenging, inter alia, the imposition of consecutive sentences. In that case, we held that the trial court had failed to make the requisite findings on the record to impose consecutive sentences, and we remanded the case for further proceedings on that limited issue. In Haugh I, we concluded only that the proper procedure was not followed; we did not reach a determination of whether consecutive sentences were substantively justified.
 Following a new sentencing hearing, the trial court again imposed consecutive sentences. Appellant filed a timely notice of appeal challenging his new sentence on the basis that:
 "I. THE TRIAL COURT ERRED IN REQUIRING APPELLANT TO SERVE THE PRISON TERMS IMPOSED IN THIS CASE CONSECUTIVELY."
 A defendant has an appeal as a matter of right when the sentence is imposed for two or more offenses and the court imposed the maximum sentence for the felony of the highest degree, i.e. maximum and consecutive sentences. See R.C. 2953.08(A)(1). A defendant may also appeal as of right from a sentence that is contrary to law. Appellate courts are precluded from modifying or vacating a sentence unless it is "clearly and convincingly" shown that the sentence is not supported by the record, is contrary to law or that the trial court failed to follow the proper statutory procedures for imposing such sentence. See R.C. 2953.08(G)(1).
 In general, a prison sentence imposed by an Ohio court must run concurrently with any other sentence imposed by any other court in this country. R.C. 2929.41(A). However, under R.C. 2929.14(E)(4) a court may impose consecutive sentences for multiple offenses when:
 * * * the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 Thus, R.C. 2929.14(E) sets out a tri-partite procedure for imposing consecutive sentences: first, the court must find that consecutive sentences are "necessary" to protect the public or to punish the offender; second, the court must find that the proposed consecutive sentences are "not disproportionate" to the seriousness of the offender's conduct and the "danger" that the offender poses; and third, the court must find the existence of one of the three enumerated circumstances in sub-sections (a) through (c). State v. Hiles (Nov. 6, 2000), Hocking App. No. 99CA23, unreported; State v. Volgares (June 30, 2000), Lawrence App. No. 99CA25, unreported. Under R.C. 2929.19(B)(2)(c), the record must also contain a statement of reasons that support the trial court's findings under R.C. 2929.14(E).
 Appellant concedes that the trial court made the necessary findings for consecutive sentences during the new sentencing hearing. Appellant points out, however, that the complete findings were not carried over into the judgment entry. We have previously determined that the trial court's findings under R.C. 2929.14(E)(4) and reasoning under R.C. 2929.19(B)(2)(c) need not appear in the journal entry, although we have emphasized it as the best practice. Hiles, supra; State v. Martin (Nov. 27, 2000), Jackson App. No. 99CA846, unreported. To the extent that appellant argues otherwise, that contention is overruled.
 Appellant's primary argument is that the trial court's reasons for imposing consecutive sentences were not supported by the evidence of record. Specifically, appellant argues that the record does not support findings that consecutive sentences were necessary to protect the public from future crimes or to punish appellant; or that the consecutive sentences were not disproportionate to the seriousness of the appellant's conduct and the danger that he poses to the public.
 At the sentencing hearing, the trial court found that appellant's "criminal history requires consecutive sentences, and that they are necessary to protect the public from future crime, and that punishment is not disproportionate to his conduct and the danger he poses to the public." In support, the trial court recited the appellant's lengthy criminal history:
 THE COURT: And as I recall, at age twelve, Mr. Haugh was convicted of Domestic Violence on his mother; Criminal Damaging also at age twelve on a separate date, which was amended from an original charge of Arson, I think; Grand Theft at age thirteen; Escape at thirteen; Resisting Arrest at fourteen; Criminal Trespassing at fifteen; Carrying a Concealed Weapon at fifteen; Receiving Stolen Property at sixteen; some sort of violation of Safe School Ordinance at age sixteen.
 And as an adult, had at — in 1995 an Aggravated Assault conviction, a felony, in Toledo, Ohio; and in '96 in Lucas County, Attempted Gross Sexual Imposition; in '97, Unlawful Taking of Motor Vehicle, Criminal Damaging to Property, those were felonies; and in '97, Resisting and Evading or Obstructing an Officer, and that was out of New Mexico * * *.
 Appellant does not challenge the trial court's findings regarding his criminal history. Instead, appellant submits that some attempt at rehabilitation would be better calculated to protect the public from future crimes by the appellant, given his young age and prior incarceration. The trial court considered this as a factor under R.C. 2929.12 in the judgment entry and concluded that appellant was not amenable to rehabilitation. The record of prior convictions supports this finding. As we indicated in Haugh I, appellant's relatively young age is not necessarily a factor which weighs in his favor, given his extensive contact with the juvenile system. Haugh, supra. Based on appellant's criminal history, we find that the record supports the trial court's findings that consecutive sentences totaling a 3-year term of imprisonment were necessary to protect the public from future crimes and/or to punish him.
We also find that the record supports the finding that consecutive sentences are not disproportionate to the seriousness of the appellant's conduct, and the danger that the appellant poses to the public. "The dominant consideration under R.C. 2929.11(A) in imposing consecutive sentences is the need to incapacitate the offender — both as punishment for the seriousness of the crime and as protection of the public during the period of incarceration." Griffin Katz, Ohio Felony Sentencing Law (2000) 591. The trial court stated at the sentencing hearing that this case involved a police pursuit that continued for a considerable period of time, during which a trooper's cruiser was rammed and forced off the road causing $2,000 in damage. It is not clear and convincing to us that a 3-year total sentence is disproportionate to the seriousness of this type of conduct. Thus, we find that the record supports the trial court's findings and reasons for imposing consecutive sentences in this case.
In sum, the trial court complied with both R.C. 2929.14(E) and R.C.2929.19(B)(2)(c); the sentence is supported by the record and is not contrary to law. Accordingly, the assignment of error is meritless and the judgment entry of the trial court is affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 __________________________ William H. Harsha, Judge.
Abele, P.J. Evans, J.: Concur in Judgment and Opinion